56 F.3d 71
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Anibal Jose HANON; Ignacia Del Socorro Hanon-Urroz; Carolina
Hanon; Sandra Elena Hanon; Yolanda Del Socorro
Hanon, Petitioners,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70890.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1995.
Decided May 22, 1995.
 
 Appeal from a Decision of the Board of Immigration Appeals, BIA Nos. Aip-yky-zfd to Awl-cpw-vgx.
 BIA
 PETITION DENIED.
 Before: TANG, SCHROEDER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Anibal Jose Hanon and his family petition for review of the Board of Immigration Appeals' order affirming the Immigration Judge's decision denying the Hanons' asylum and withholding of deportation pursuant to 8 U.S.C. Secs. 1158(a) and 1253(h).
 
 
 3
 After being charged by an order to show cause with having entered the United States without inspection, Hanon conceded deportability and requested asylum and withholding of deportation. A previous application for asylum had been forwarded to the United States Department of State, Bureau of Human Rights and Humanitarian Affairs. The Bureau had issued an advisory opinion on May 25, 1989, stating that if the facts as stated were true, Hanon had a well-founded fear of persecution. Hanon then filed an updated application for asylum. After his hearing, however, the Immigration Judge issued an oral decision denying the request for asylum and withholding of deportation on the basis that Anibal was not a credible witness.
 
 
 4
 Contrary to the suggestion in Hanon's brief to this court, the BIA on appeal did not find that Hanon had established a well-founded fear of persecution at the time of the administrative hearing. The BIA made no credibility findings. The BIA did make it clear that even if Hanon had established persecution in the past, changing circumstances demonstrated that he could have no genuine fear of persecution for the future. The BIA further found that there was no basis for granting asylum under Matter of Chen, Int. Dec. 3104 (BIA 1989), which provides that asylum may be denied as a matter of discretion if there is little likelihood of present persecution, absent humanitarian concerns.
 
 
 5
 Petitioner initially faulted the BIA for taking administrative notice of the changed circumstances in Nicaragua. This court has held that when administrative notice is taken concerning events that occurred after the deportation hearing, the applicant should have some notice and opportunity to rebut the extra-record facts or show cause why administrative notice should not be taken. Getachew v. INS, 25 F.3d 841, 846 (9th Cir. 1994). In this case, Hanon, in his own brief to the BIA, stated that "[i]t is common knowledge that Nicaragua has undergone significant political changes in the last several months ... [but] the political situation is still highly volatile, [the] Sandinistas have recently been involved in strikes and labor unrest, and the military is still dominated by Sandinista officers." He argued that in the circumstances then existing, it would be unconscionable to deport him and his family to Nicaragua. He, therefore, cannot now complain about the BIA's taking administrative notice without giving him an opportunity to rebut that notice. Furthermore, at oral argument, Hanon stated that he did not challenge the findings of which the BIA took notice.
 
 
 6
 There was no denial of procedural safeguards, and the BIA acted within its discretion.
 
 
 7
 The petition for review is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3